UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JOHN GREGORY LAWSON,                                          No. 13-10864

                                Debtor(s).
_____/

COASTAL INDUSTRIAL PARTNERS, LLC,

                                Plaintiff(s),

                 v.                                                                          A.P. No. 13-1105

JOHN GREGORY LAWSON,

                                Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

      In this adversary proceeding, plaintiff Coastal Industrial Partners, LLC, seeks to establish a nondischargeable debt pursuant to § 523(a)(6) of the Bankruptcy Code due to willful and malicious conduct on the part of Chapter 7 debtor and defendant John Lawson. Prior to bankruptcy, a contract dispute between Coastal and Lawson had gone to arbitration and Lawson had lost, resulting in a judgment against him for $222,164.86. Coastal has filed a motion for summary judgment, arguing that the arbitrator's decision, since reduced to judgment and entitled to preclusive effect, establishes

1

that the award is nondischargeable. The court agrees in part.

The facts of the case are set out in the arbitrator's decision. The court here summarizes the facts it finds relevant.

Through family connections, Lawson obtained bulk wine which he had custom bottled and then marketed. Though in his forties, Lawson was a relative neophyte as a businessman. The arbitrator found that bad judgment, lack of foresight, emotional threats and immature actions characterized Lawson's business technique. Lawson's emails, quoted by the arbitrator, support this characterization.

After Coastal had made two purchases of wine from Lawson without problem, Coastal placed an order for merlot wine in May, 2012, for which Coastal paid in full. Then came negotiations for an order of cabernet wine, which caused a breakdown in relations between the parties. Lawson had pressed Coastal very aggressively to purchase the cabernet while at the same time demanding a 50% deposit, which was much higher than the deposit paid by Coastal for prior orders. Lawson's communications became ever more aggressive, strident and unreasonable in their tone. When Coastal failed to agree to Lawson's terms, he told Coastal "You can pay the balance on your [merlot] order and pick up the wine when full payment is received. You will not be getting any cabernet or any more wine in the future from me."

Coastal paid for the merlot in full. However, Lawson refused to release it. Lawson told Coastal that it owed him $45,443 for "incurred expenses" relating to the cancelled cabernet order plus $21,000 for "incorrect pricing" on past orders, plus another $10,150 for "excess expenses." The arbitrator found that these claims were false and wrongful, and that Lawson was making these false claims because he had not paid the bottler for Coastal's merlot, even though Coastal had paid for the wine in full.

After multiple unsuccessful demands to release the merlot, Coastal was granted a writ of possession by the Napa County Superior Court and finally obtained the merlot. The arbitrator found that title to the merlot had passed to Coastal when it paid in full, that Lawson had converted the merlot by refusing to deliver it, and that the refusal was part of Lawson's "fraudulent scheme" to "extort"

money from Coastal. The arbitrator found that Lawson deliberately withheld the merlot in order to give him leverage in his unjustified claims regarding the cabernet and that this conduct "constituted legal malice and oppression, justifying an award of punitive damages." The arbitrator awarded $26,799 to Coastal in damages (the amount of its legal fees and other expenses incurred in recovering the merlot), plus $25,000 in punitive damages.

The court agrees with Coastal that principles of issue preclusion (collateral estoppel) make the conversion damages nondischargeable pursuant to § 523(a)(6). Not every conversion results in a nondischargeable debt. *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 332 (1934). However, the findings of fraudulent conduct, malice and oppression were necessary to the award of punitive damages and accordingly require a determination of nondischargeability. *In re Ormsby,* 591 F.3d 1199, 1207 (9th Cir. 2010); *In re Thiara,* 285 B.R. 420, 433 (9th Cir. BAP 2002).[1]

The court disagrees with Coastal only insofar as it argues that anything more than the damages for conversion are nondischargeable. The rest of the award was solely for breach of contract. The arbitrator did find that Lawson's breaches were willful, intentional and in bad faith. However, even the worst breaches of contract do not result in a nondischargeable debt absent some fundamental public policy. *In re Jercich,* 238 F.3d 1202, 1206 (9th Cir. 2001). There is no fundamental public policy in this case which would turn Lawson's breach of contract, however unjustified, into a tort.

Moreover, "attempted extortion" cannot result in a nondischargeable debt, even if there were such a thing.[2] Pursuant to § 523(a)(2) of the Bankruptcy Code, any action of a debtor cannot be the basis of a nondischargeable debt unless the debtor obtained money, property, services or credit thereby. Under § 523(a)(6), actual injury is required. No nondischargeable debt results from

---

[1] The court recognizes that it has some discretion in applying principles of issue preclusion. However, in this case the arbitrator held a full hearing and rendered a detailed decision which appears sound. The court is very comfortable giving preclusive effect to the arbitrator's decision.

[2] The use of the word "extortion" by the arbitrator was hyperbole. Lawson did nothing beyond making unjustified contract demands.

3

unjustified contractual demands which are disregarded by the plaintiff.

     For the foregoing reasons, the court will grant summary judgment in part, finding that $51,799 (the costs incurred by Coastal in obtaining possession of the merlot, plus $25,000 in punitive damages) plus accrued interest is nondischargeable pursuant to § 523(a)(6). The court will further find that nothing else in the arbitrator's decision justifies any further determination of nondischargeability. If the parties agree that there are no other facts to be tried, counsel for Coastal shall submit an appropriate form of final judgment. If they do not so agree, counsel shall submit an order granting partial summary judgment.

Dated: March 14, 2014

                                                Alan Jaroslovsky
                                                Chief Bankruptcy Judge