Entered on Docket
March 23, 2015

Case: 14-1153, Document: 15, Filed: 03/20/2015, Page 1 of 14

EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
MAR 20 2015
SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

FILED
MAR 23 2015
U.S. BANKRUPTCY COURT
SANTA ROSA, CA

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No. NC-14-1153-TaPaJu |
| JOHN GREGORY LAWSON, | ) | Bk. No. 13-10864 |
| Debtor. | ) | Adv. No. 13-01105 |
| COASTAL INDUSTRIAL PARTNERS, LLC, | ) | |
| Appellant, | ) | |
| v. | ) | MEMORANDUM* |
| JOHN GREGORY LAWSON, | ) | |
| Appellee. | ) | |

Argued and Submitted on February 19, 2015,
at San Francisco, California

Filed – March 20, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Alan Jaroslovsky, Bankruptcy Judge, Presiding

Appearances: David N. Chandler, Jr. argued for appellant Coastal Industrial Partners, LLC; Craig Alan Burnett argued for appellee John Gregory Lawson.

Before: TAYLOR, PAPPAS, and JURY, Bankruptcy Judges.

---

* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

Creditor Coastal Industrial Partners, LLC ("Coastal") obtained a partial summary judgment against debtor John Gregory Lawson in its adversary proceeding seeking a determination of nondischargeability under § 523(a)(6).[1] It appeals from the bankruptcy court's concurrent partial summary judgment in favor of the Debtor.

We VACATE the partial summary judgment in the Debtor's favor to the extent it limits the amount of damages potentially nondischargeable as a result of the Debtor's tortious conduct and REMAND to the bankruptcy court for proceedings consistent with this decision.

**FACTS**

In May 2011, the Debtor, d/b/a Valley Legend Wines, and Coastal executed a two-year master distribution agreement ("MDA"). Under the MDA, Coastal received the exclusive right to market and sell the Debtor's Valley Legend Wines in China. Among other things, the MDA provided that title to purchased wine passed to Coastal upon payment to the Debtor and featured purchase price "guidelines" for three different wine varietals.

Coastal made purchases under the MDA in May and September of 2011 and in May of 2012. In the course of these transactions, the parties extensively negotiated purchase prices for cases of wine and other related details. Although the MDA did not require it to do so, Coastal also paid the Debtor a deposit for each order.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

Signs of strain in the business relationship eventually surfaced. The Debtor's communications with Coastal became increasingly aggressive, and he also began to claim that the September 2011 order was underpriced and, thus, that Coastal owed him additional money. Shortly after Coastal placed an order for Merlot ("Merlot Order") in May of 2012, however, things got even worse.

Coastal paid for the Merlot Order in full before the end of the month. It also placed a fourth order under the MDA, this time for Cabernet. The Debtor responded with a request for a 50% deposit. Coastal intended to provide the deposit when its representative returned to the United States from an extended trip to China. Prior to the deposit, however, Coastal also asked the Debtor about 60 cases of wine that the Debtor previously "borrowed" from Coastal's inventory upon the promise that he would return the inventory or provide a credit on Coastal's next order. In response, the Debtor cancelled the fourth order, stating that Coastal would not obtain "any [C]abernet or any more wine in the future from [him]," and that it could pick up the Merlot Order. Adv. Dkt. No. 6 at 15.

Coastal accepted the order cancellation, but difficulties with the Merlot Order then began. Despite Coastal's prior payment, the Debtor refused to release the Merlot to Coastal unless it paid him an additional $76,583. According to the Debtor, this amount included $45,443 in expenses related to the cancelled fourth order and $21,000 based on underpricing for prior orders.

In an attempt to obtain the Merlot Order, Coastal contacted

3

the third-party winery that bottled and stored the Merlot. Its attempts to obtain possession were not successful; the Debtor had failed to pay the winery $45,535.65 for bottling. As a result, the winery rebuffed Coastal.

At the end of May 2012, the Debtor increased his demand for payment to $122,416 and then to $122,716 just one day later. On May 29, 2012, he sent Coastal a notice of material breach and terminated the MDA. He also revoked the authorization with the Western United States Agricultural Trade Association that allowed Coastal to sell Valley Legend Wines in China. Harassing and threatening communications continued.

Coastal eventually commenced an action against the Debtor in state court and obtained the Merlot pursuant to a writ of possession. By that time, however, Coastal had lost two large wine purchase contracts from China and had expended funds promoting the Valley Legend brand in China.

On the state court's order, the parties arbitrated the dispute. The arbitrator determined that: (1) the Debtor converted the Merlot Order when he refused to release it after payment in full; (2) the Debtor breached the MDA when he converted the Merlot Order and when he revoked the MDA's exclusivity provision; and (3) the Debtor breached the covenant of good faith and fair dealing by falsely claiming that Coastal had not paid in full for its purchases, fabricating invoices to show "past due" balances, and, once again, converting the Merlot Order. The arbitrator awarded damages for breach of contract, punitive damages and attorneys' fees and costs for conversion, and attorneys' fees and costs for the state court action and

arbitration. The state court subsequently confirmed the arbitration award in the total amount of $222,164.86.

The Debtor filed a chapter 7 petition on April 26, 2013. Coastal timely commenced an adversary proceeding seeking to deem the arbitration award nondischargeable under § 523(a)(2)(A), (a)(4), and (a)(6).

Coastal next moved for summary judgment on the entirety of the arbitration award, but solely sought relief under § 523(a)(6). It argued that summary judgment was appropriate as a result of the issue preclusive effect of the arbitration award. The Debtor opposed, arguing that the breach of contract damages were not excepted from discharge under § 523(a)(6).

The bankruptcy court held a hearing on Coastal's motion for summary judgment on May 24, 2013.[2] In a subsequent written memorandum decision, the bankruptcy court determined that the damages for conversion – both the punitive damages and the associated attorneys' fees and costs incurred to recover the Merlot Order – were excepted from discharge under § 523(a)(6) based on the issue preclusive effect of the arbitration award. It, thus, granted summary judgment in Coastal's favor as to those specific damages. It further determined, however, that the damages awarded for breach of contract and the fees and costs incurred in the state court action and arbitration were not subject to § 523(a)(6) nondischargeability. The bankruptcy court

---

[2] Coastal did not supply a transcript of this hearing in the excerpts of record. An audio file of the hearing appears to exist on the adversary proceeding docket. The Panel, however, declines to exercise its discretion to listen to the audio.

stated that:

> The court disagrees with Coastal only insofar as it argues that anything more than the damages for conversion are nondischargeable. The rest of the award was solely for breach of contract. The arbitrator did find that Lawson's breaches were willful, intentional and in bad faith. However, even the worst breaches of contract do not result in a nondischargeable debt absent some fundamental public policy. In re Jercich, 238 F.3d 1202, 1206 (9th Cir. 2001). There is no fundamental public policy in this case which would turn Lawson's breach of contract, however unjustified, into a tort.

Mem. Decision at 3.

The bankruptcy court concluded that "nothing else in the arbitrator's decision justifie[d] any further determination of nondischargeability. If the parties agree that there are no other facts to be tried, counsel for Coastal shall submit an appropriate form of final judgment." Id. at 4. Counsel for Coastal did so; the bankruptcy court entered the judgment on March 25, 2014.

Coastal timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in determining that not all of the damages awarded in the arbitration award were excepted from discharge under § 523(a)(6) based on the issue preclusive effect of that award.

## STANDARD OF REVIEW

"Since this case arises on summary judgment, the standard of

review is de novo." <u>Ilko v. Cal. State Bd. of Equalization (In re Ilko)</u>, 651 F.3d 1049, 1052 (9th Cir. 2011). Decisions on issue preclusion are also reviewed de novo. <u>Honkanen v. Hopper (In re Honkanen)</u>, 446 B.R. 373, 378 (9th Cir. BAP 2011).

## DISCUSSION

On appeal, Coastal chiefly contends that the Debtor's breach of the MDA was accompanied by tortious conduct, that this breach resulted in willful and malicious injury under § 523(a)(6), and that all of the damages awarded in the arbitration award should be excepted from the Debtor's discharge under § 523(a)(6).[3] On de novo review, we conclude that the bankruptcy court erred in holding, as a matter of undisputed fact and law, that the arbitration award provided no basis for nondischargeability under § 523(a)(6) in addition to the damages directly awarded for conversion.

A. **Preliminary issues**

1. **The bankruptcy court's decision subject to this appeal**

The bankruptcy court granted partial summary judgment to Coastal based on the issue preclusive effect of the arbitration award; there is no appeal from that portion of the judgment. After denying the remainder of Coastal's motion for summary judgment, the bankruptcy court determined that nothing else in the arbitration award justified nondischargeability. It

---

[3] Coastal also challenges two of the bankruptcy court's findings in its memorandum as clearly erroneous: that the use of "extortion" in the arbitration award was "hyperbole" and that the Debtor "did nothing beyond mak[e] unjustified contract demands." Given our decision to vacate and remand, we do not address these points.

concluded that if the parties agreed that no other triable facts remained, Coastal could submit a form of final judgment; it did so. We conclude that the bankruptcy court, thus, granted summary judgment on the remainder of the § 523(a)(6) claim in favor of the Debtor.[4] See Fed. R. Civ. P. 56(f) (incorporated into adversary proceedings by Federal Rule of Bankruptcy Procedure 7056).[5]

### 2. Scope of review

The damages awarded by the arbitrator were as follows:

| 1 | Breach of Contract | Lost profits: $42,134 |
| --- | --- | --- |
| | | Reliance: $50,788 |
| 2 | Fees and Costs | Attorneys fees: $60,958.50 |
| | | Costs: $2,567.86 |
| | | Arbitration fees and costs: $9,375.24 |
| 3 | Conversion | Punitive damages: $25,000 |
| | | Attorneys fees and costs: $26,799 |

There is no dispute that the bankruptcy court correctly determined that the third category is nondischargeable; the

---

[4] The bankruptcy court also implicitly granted summary judgment in favor of the Debtor on Coastal's § 523(a)(2)(A) and (a)(4) claims. Coastal does not appeal from those determinations.

[5] Federal Rule of Civil Procedure 56(f) provides that, after notice and a reasonable time to respond, the court, among other things, may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.
Here, Coastal does not dispute that it had adequate notice and an opportunity to respond in connection with the bankruptcy court's implicit summary judgment in favor of the Debtor.

Debtor does not cross-appeal. The only question before us is whether the bankruptcy court erred in determining, on summary judgment based on issue preclusion, that the first and second categories did not and could not include damages that were excepted from discharge under § 523(a)(6).

**B.     Exception to discharge under § 523(a)(6)**

Section 523(a)(6) excepts from discharge debts arising from a debtor's "willful and malicious" injury to another person or to the property of another. Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 706 (9th Cir. 2008) The requirements of "willfulness" and "maliciousness" are subject to separate analysis by the bankruptcy court. Id.; Carrillo v. Su (In re Su), 290 F.3d 1140, 1146-47 (9th Cir. 2002).

Although § 523(a)(6) generally applies to recoveries based on a tort claim rather than those based on breach of contract, a breach of contract claim may be nondischargeable under § 523(a)(6) if the breach is both in bad faith and "accompanied by some form of 'tortious conduct' that gives rise to 'willful and malicious injury.'" Petralia v. Jercich (In re Jercich), 238 F.3d 1202, 1206 (9th Cir. 2001). Whether a debtor's breach of contract is tortious is determined under state law. Id.

In California, tortious breach of contract requires: "[c]onduct amounting to a breach of contract [that] . . . also violates an independent duty arising from principles of tort law." Id.; see also Lockerby v. Sierra, 535 F.3d 1038, 1041 (9th Cir. 2008) (conduct is "tortious if it constitutes a tort under state law."). California law further limits recovery for tortious breach of contract to situations where: "in addition to

9

the breach of the covenant [of good faith and fair dealing] a defendant's conduct violates a **fundamental public policy** of the state." In re Jercich, 238 F.3d at 1206 (emphasis added) (internal quotation marks omitted) (alteration in original).

### 1. Reliance on In re Jercich is unnecessary to an increased § 523(a)(6) judgment.

Relying on In re Jercich, Coastal asserts strenuously that the bankruptcy court erred. It asserts that the Debtor's conduct in breaching the MDA was accompanied by tortious conduct under California law, including conversion, attempted extortion, interference with prospective economic advantage, and malicious prosecution. It argues that under Jercich, § 523(a)(6) nondischargeability necessarily follows.

Resort to a Jercich analysis, however, is unnecessary where the debt that a creditor seeks to except from discharge under § 523(a)(6) involves duplicative damages on account of both tort and breach of contract theories. In that context, the damages for tort independently support nondischargeability under § 523(a)(6), and there is no need to determine whether the breach of contract was tortious.

Our review of Jercich's limited progeny supports this interpretation. None of the cases applying the Jercich standard involved a situation where the judgment was based on both breach of contract *and* tort; instead, those cases involved solely a breach of contract claim. See Lockerby v. Sierra, 535 F.3d 1038 (9th Cir. 2008); Stout v. Marshack (In re Stout), 2014 WL 1724506 (9th Cir. BAP May 1, 2014); Spigot Res., Inc. v. Radow (In re Radow), 2013 WL 1397342 (9th Cir. BAP Apr. 2, 2013); Oney

10

v. Weinberg (In re Weinberg), 410 B.R. 19 (9th Cir. BAP 2009), aff'd, 407 F. App'x 176 (9th Cir. 2010); cf. Bresnahan v. Dunn (In re Dunn), 2006 WL 6810930 (9th Cir. BAP Oct. 31, 2006); Nahman v. Jacks (In re Jacks), 266 B.R. 728 (9th Cir. BAP 2001). But cf. Diamond v. Kolcum (In re Diamond), 285 F.3d 822 (9th Cir. 2002) (state court judgment included fraud). The one exception – In re Diamond – appears distinguishable as it is unclear from the opinion whether the state court judgment was based solely on breach of contract or breach of contract and tort.

    Here, Coastal did not just prevail on a breach of contract claim; it also prevailed on a tort claim based on conversion. Nothing in the arbitration award establishes that the arbitrator determined that some or all of the breach of contract damages were not recoverable in the alternative as damages for conversion. Indeed, a facial review of the record demonstrates to the contrary. In awarding damages for conversion, the arbitrator stated that "[g]iven the damages awarded [for breach of contract], the award for conversion will be limited to attorney's fees and costs expended in recovering the wine as well as a nominal amount for punitive damages." Adv. Dkt. No. 6 at 20-21. This language suggests that the arbitrator specifically awarded damages for conversion only to the extent they were additional to the breach of contract damages. Indeed, the breach of contract damages included an award on account of Coastal's lost profits as a result of the Debtor's conversion. These lost profit damages, thus, are equally recoverable under both the conversion and breach of contract claims. See Cal. Civ. Code § 3336 (presumptive measure of damages for conversion based on

11

value of converted property at time of conversion or, in the alternative, compensation for loss legally caused by conversion and that could be avoided by proper prudence); Haigler v. Donnelly, 18 Cal. 2d 674, 681 (1941) (punitive damages are recoverable for conversion); Gonzales v. Pers. Storage, Inc., 56 Cal. App. 4th 464, 475-77 (1997) (emotional distress damages are recoverable for conversion under limited circumstances). Other damages may also be equally recoverable under both theories.

    We, thus, conclude that the bankruptcy court erred in granting summary judgment to the Debtor to the extent the liquidated damages were recoverable both as a result of conversion and breach of contract; and we do so without resort to a Jercich analysis.

    2.    **In re Jercich does not independently support an increase of the § 523(a)(6) judgment; the Debtor's breaches of contract were not tortious.**

    Contrary to Coastal's suggestion, breach of contract damages are nondischargeable under Jercich only in the narrow situation where the breach of contract is, in and of itself, tortious under state law. The existence of tortious activity in concert with a contract breach is not sufficient for § 523(a)(6) nondischargeability.

    Thus, to the extent Coastal must rely on Jercich for a nondischargeability determination, the bankruptcy court correctly determined that its claim failed. As stated, in California, tort recovery for a bad faith breach of contract is only available when the debtor's conduct also violates a fundamental public

12

policy of the state. See <u>In re Jercich</u>, 238 F.3d at 1206. Coastal advances no argument that Debtor's breach of contract violates any such fundamental public policy; and we do not independently discern any such policy violation here.

### 3. The bankruptcy court must re-evaluate the quantum of the § 523(a)(6) judgment.

As stated, some of the damages directly awarded for breach of contract - in particular, the damages awarded for lost profits - also constitute damages as a result of the Debtor's conversion. Other damages that the arbitrator awarded for breach of contract may also be correctly awarded based on the alternative conversion claim. This determination, however, is ultimately a factual one; the bankruptcy court should make it in the first instance. Further, Coastal raises on appeal other tort theories not resolved by the arbitration award. A nondischargeability determination may also be appropriate based on these theories, even if not on summary judgment based on the issue preclusive effect of an arbitration award that never discusses them.[6]

As a result, we vacate the partial § 523(a)(6) judgment in favor of the Debtor; we remand to the bankruptcy court for a determination as to whether any of the "breach of contract" damages, in addition to the lost profit damages, were also recoverable on account of the Debtor's conversion or other appropriately preserved tort theory.

---

[6] We leave it to the bankruptcy court to decide whether Coastal properly preserved the other tort theories or whether a trial is required on any of the issues that remain.

13

## CONCLUSION

Based on the foregoing, we VACATE that portion of the § 523(a)(6) judgment in favor of the Debtor as discussed above and REMAND to the bankruptcy court for proceedings consistent with this decision.